Oweh McGrivERjsr, J.
This article 78 proceeding is brought by a landlord to review the determination of the State Rent Administrator denying its application for a certificate of eviction. Subdivision 1 of section 54 of the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission provides in part:11 The administrator máy issue an order granting a certificate if the removal or eviction meets the requirements of sections 55, 56, 57, 58, or 59. The administrator may also issue orders granting certificates in other cases if the requested removal or eviction is not inconsistent with the purposes of the act or these regulations and would not be likely to result in the circumvention or evasion thereof.”
Throughout the proceedings before the commission, petitioner clearly was proceeding under the second sentence quoted above from section 54, and eoncededly did not come under any of the other sections. It alleged that it desired possession of the apartment in question for purposes of subdivision and that, without such possession, subdivision of other apartments, as to which it had previously been granted certificates of eviction, could not be completed. These allegations were not questioned in the proceeding before the commission.
The-principal issue was whether the landlord had offered the tenant relocation in a satisfactory comparable apartment. There was offered in evidence before the commission a statement signed by the tenant agreeing to vacate the apartment in question by April 1,1957. On December 28,1956, the local rent administrator issued a certificate of eviction authorizing the institution of eviction proceedings not less than three months thereafter. The certificate was specifically stated to have been issued under section 54 of the regulations.
*718 The tenant protested the issuance of this certificate, alleging that she signed the agreement to vacate under duress. The allegation of duress was controverted by the landlord. No hearing was held on the protest. The State Rent Administrator, in his opinion sustaining the protest and vacating the certificate of eviction, made no finding on the issue of duress. He held that the application was governed ¡by the provisions of section 57, and that the landlord had failed to comply with such provisions.
The Administrator’s opinion states that section 54 of the regulations cannot be applied to a case of the type governed by a specific section, and that since alterations for purposes of subdivision are covered by section 57, only that section is applicable. This position is not sound. In the recent case of Dezelle v. Weaver (N. Y. L. J., Aug. 27, 1957, p. 3, col. 7) my learned colleague, Mr. Justice Stevens, sustained the action of the Administrator in granting a certificate of eviction under section 54, although the basis of the application was a proposed use of the premises for business purposes, which grounds are governed by section 59 of the regulations, and although there was clearly no compliance with the specific provisions of the latter section. The Administrator’s opinion herein is clearly inconsistent both with his own ruling in the cited case and with the decision of Mr. Justice Stevens.
Subdivision 2 of section 9 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) and the Business Rent Law (L. 1945, ch. 314, as amd.) authorize this court to set aside orders found to be arbitrary or capricious. In the absence of any finding that the tenant signed the statement under duress, the order subject to review herein must be held to be arbitrary and capricious. If the tenant voluntarily agreed to vacate, she waived any claim to be relocated, and that claim was the only subject in dispute. But for the tenant’s claim to be relocated, it cannot be said that the requested eviction would be “ inconsistent with the purposes of the act ” (State Rent and Eviction Regulations, § 54), for there is nothing in the record contradicting landlord’s allegation that denial of the certificate of eviction keeps vacant three four-room apartments. The purpose of the State Residential Rent Law, as stated in subdivision 1 of section 1 thereof, is to alleviate conditions resulting from the shortage of dwelling accommodations. The effect of the Administrator’s order, so far as appears from the record, is to increase such shortage.
Pursuant to the authority granted by subdivision 1 of section 9 of the State Residential Rent Law, the order of the Administrator is set aside and the proceedings are remitted to the commission to make findings of fact as to (1) whether the tenant *719 signed the statement under duress and (2) whether denial of the certificate prevents the landlord from completing alteration of other apartments for which he was previously granted certificates.
Settle order.